UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN A. JACKSON,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>    Defendant. | Case No. EDCV 07-0360 JC<br><br>MEMORANDUM OPINION |

**I. SUMMARY**

  On March 28, 2007, plaintiff John A. Jackson ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have filed a consent to proceed before a United States Magistrate Judge.

  This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; April 2, 2007 Case Management Order, ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED.  The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. PROCEDURAL HISTORY AND PERTINENT FACTS

On August 10, 2004, plaintiff filed an application for Disability Insurance Benefits.  (Administrative Record ("AR") 42-44).  Plaintiff asserted that he became disabled on August 1, 2004, due to Post Traumatic Stress Disorder ("PTSD") caused by his military service during the conflict in Vietnam.  (AR 42, 45).  Plaintiff also asserted that he became unable to work due to PTSD on December 31, 1987.  (AR 46, 63).

No medical records in the Administrative Record reflect that plaintiff suffered from PTSD prior to the date he was last insured – June 30, 1989.   The medical records predating June 1989, make no reference to PTSD and instead mainly focus on plaintiff's blood pressure.  (AR 133-37).

Medical records and an evaluation in the Administrative Record reflect that plaintiff has suffered from PTSD in recent years.  (AR 123, 125, 128, 159, 163, 176-77, 183).  In 2005, plaintiff's treating psychiatrist, Ahmad Tarar, M.D., diagnosed plaintiff with PTSD and classified him as permanently disabled.  (AR 176-77).  On June 10, 2005, Dr. Tarar completed a Work Capacity Evaluation (Mental) ("WCE") of plaintiff.  (AR 176-77).  For the majority of the WCE, Dr. Tarar checked boxes indicating numerous slight, moderate and marked limitations for plaintiff.  (AR 176-77).  At the end of the WCE, Dr. Tarar indicated that plaintiff was "permanently" disabled due to his condition.  (AR 177).  Dr. Tarar also wrote that plaintiff "has chronic PTSD and developmental learning disorder

---

[1]The harmless error rule applies to the review of administrative decisions regarding disability.  See Batson v. Commissioner, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

(reading). He has difficulties in many areas i.e., interpersonal and work related stressars [sic]. He is fully and permanently disabled due to his psychiatric condition. He is on psychiatric medications Trazodone and Quetiapine." (AR 177). Dr. Tamar did not opine that plaintiff suffered from PTSD prior to the date he was last insured.

On September 14, 2006, the ALJ heard testimony from a vocational expert and from plaintiff, who was represented by counsel. (AR 185-199).

On October 24, 2006, after considering the medical record and the other evidence in the Administrative Record, the ALJ determined that plaintiff was not disabled during the relevant time period. (AR 11-15). Specifically, the ALJ found: (1) plaintiff last met the insured status requirements of the Social Security Act on June 30, 1989 – the "date last insured" (AR 31); and (2) plaintiff did not have a severe impairment from December 31, 1987 through the date last insured (AR 13-14).

The Appeals Council denied plaintiff's application for review. (AR 3-5).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit his ability to work?[2] If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform his past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

(5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow him to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

---

[2] At step two of the sequential evaluation process, an impairment or a combination of impairments may be found not medically severe only if evidence clearly establishes slight abnormality that has no more than a minimal effect on an individual's ability to work. Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005). To determine whether or not an impairment is severe, the ALJ must determine whether a claimant's impairment or combination of impairments significantly limits his physical or mental ability to do "basic work activities." See id., see also 20 C.F.R. § 404.1521(a). Basic work activities are the "abilities and aptitudes necessary to do most jobs," such as (1) physical functions like walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling; (2) the capacity for seeing, hearing, speaking, understanding, carrying out, and remembering simple instructions; (3) the use of judgment; and (4) the ability to respond appropriately to supervision, co-workers, and usual work situations. 20 C.F.R. § 404.1521(b).

The ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry.  Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty to fully and fairly develop record and to assure that claimant's interests are considered).  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante, 262 F.3d at 953-54 (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

### B.   Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

///
///
///

## IV. DISCUSSION

### A. The ALJ's Disability Determination Is Supported By Substantial Evidence and Is Free from Material Error

The ALJ found, and neither party disputes, that plaintiff's disability insured status expired on June 30, 1989.[3] (AR 11). This fact was noted in a report created by the Administration and was acknowledged by plaintiff's counsel during the September 14, 2006 hearing and in Plaintiff's Motion. (AR 68, 191; Plaintiff's Motion at 3). As a result, the ALJ's determination regarding the date plaintiff was last insured is supported by substantial evidence. Robbins, 466 F.3d at 882.

The ALJ determined that plaintiff did not have a severe impairment between the alleged onset date, December 1987, and the last insured date, June 1989, and therefore was not disabled during the relevant period and not entitled to benefits. (AR 11, 13-14). The record supports the ALJ's conclusion that plaintiff failed to meet his burden to demonstrate that he suffered from PTSD or another severe impairment during this relevant time frame.

First, as noted above, there is no medical evidence generated prior to June 1989 which suggests that plaintiff then suffered from or was treated for PTSD.[4] The ALJ's finding in this regard is supported by substantial evidence.

Second, the ALJ's finding that the more recent medical evidence which suggests that plaintiff currently suffers from PTSD, i.e., the opinion of Dr. Tarar, is insufficient to establish that he suffered from PTSD prior to the date last insured

---

[3]To be eligible for benefits a plaintiff bears the burden of proving that he/she was either "permanently disabled or subject to a condition which became so severe as to disable [him/her] prior to the date upon which [his/her] disability insured status expire[d]." Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995).

[4]Plaintiff has not argued that the ALJ improperly failed fully and fairly to develop the record in this case. Accordingly, the court does not consider such issue.

is likewise supported by substantial evidence and free from material error.[5]  As noted above, Dr. Tarar did not offer an opinion regarding the issue at hand – whether plaintiff suffered from PTSD prior to the date last insured.  In fact, Dr. Tarar made no observations regarding the onset date of plaintiff's PTSD or how far back in time plaintiff's limitations extended.  (AR 177).  Thus, contrary to plaintiff's contention, the ALJ did not "reject" the treating psychiatrist's opinion and thus no findings supporting such non-existent "rejection" were necessary.

      Third, contrary to plaintiff's contention, the record reflects that the ALJ did properly consider plaintiff's alleged mental impairment.  As indicated above, the issue in this case is not whether plaintiff currently suffers from a severe impairment, but whether plaintiff suffered from a severe impairment as of the date last insured.  The ALJ did not contest Dr. Tarar's opinion that plaintiff currently suffers from a severe impairment.  However, the ALJ found insufficient evidence to establish plaintiff had a severe impairment <u>as of the date last insured</u>.  Dr. Tamar offered no opinion on this issue.  Plaintiff points to no other medical evidence which even arguably supports his contention that he did suffer from PTSD or any other mental impairment prior to the date last insured.  Substantial evidence supports the ALJ's conclusion that plaintiff failed to meet his burden to do so.  As a result, the court rejects plaintiff's claim that the ALJ failed properly to consider plaintiff's mental impairments.

      Finally, this court rejects plaintiff's contention that an alleged error by the ALJ in questioning the vocational expert warrants reversal or remand.  Plaintiff contends that the ALJ failed to pose a complete hypothetical question to a

---

[5] Plaintiff incorrectly argues that the ALJ "completely ignored" Dr. Tarar's evaluation. (Plaintiff's Motion at 3).  The ALJ referenced Dr. Tarar's evaluation (Exhibit 5F) when noting that plaintiff currently suffers from PTSD.  (AR 14).  In the same discussion, the ALJ pointed to the absence of any medical evidence showing that plaintiff suffered from such a condition, let alone a severe such condition, prior to the date last insured.  (AR 14).

vocational expert during the September 14, 2006 hearing because the questions did not include the limitations found by Dr. Tarar. (Plaintiff's Motion at 5-6).

During the hearing, the ALJ posed hypothetical questions to the vocational expert regarding whether a hypothetical individual with certain limitations would be able to perform work that existed in the regional or national economy. (AR 197-98). These questions were relevant to the step five inquiry – a step in the sequential evaluation process that the ALJ ultimately did not reach in his decision. As described above, because the ALJ found that plaintiff did not have a severe impairment prior to plaintiff's date last insured, the ALJ ended the inquiry at step two by concluding that plaintiff had no severe impairment and thus was not disabled during the period for which he was insured. The ALJ neither referenced nor relied upon the vocational expert's responses to the hypothetical questions in his decision. Thus, even assuming this court were to find the hypothetical questions improper – which it does not – any error was harmless.

## V.  CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 2, 2008

                                             /s/
                                     Honorable Jacqueline Chooljian
                                     UNITED STATES MAGISTRATE JUDGE